U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

FEB 08 2011

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

| | | |
|---|---|---|
| DAVID STACY, | § | |
| Plaintiff, | § | |
| | § | Civil Action No.: _11-4018_ |
| v. | § | |
| PPC TRANSPORTATION COMPANY | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

For his Original Complaint against PPC Transportation Company ("PPC"), Plaintiff David Stacy ("Stacy") would show the Court as follows:

### I. Parties

1.     Plaintiff Stacy is a resident of Lockesburg, Arkansas, located in this District and Division. Stacy is a citizen of the State of Arkansas.

2.     Defendant PPC is a Delaware corporation with its principal place of business in either Greeley, Colorado or Pittsburg, Texas. As a result, PPC is a citizen of the State of Delaware and of either the State of Colorado or the State of Texas. PPC may be served by serving its corporate secretary via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, by certified mail pursuant to Arkansas Code § 4-27-1510.

### II. Jurisdiction and Venue

3.     This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different States.

4.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2), because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

### III. Facts

5.    Stacy incorporates each of the previous allegations set forth herein.

6.    On December 1, 2007 at approximately 6:00 p.m., Stacy was traveling north on U.S. Highway 71 at a lawful rate of speed through Lockesburg, Arkansas in his 2002 Dodge one-ton dually pickup truck, on his way home from a pipeline welding job in Hattiesburg, Mississippi.

7.    At the same time, PPC was operating a loaded feed tractor and trailer driven by its employee, Mr. James Foster, who was traveling east on State Highway 24/U.S. Highway 371 at an excessive and unlawful rate of speed toward the intersection that Stacy was approaching. PPC's loaded trailer weighed at least 80,000 pounds. PPC's driver ignored and failed to heed two posted signs requiring him to reduce his speed and stop ahead. Further, PPC's driver ignored and failed to stop at the stop sign at the intersection of U.S. Highway 71 and U.S. Highway 371.

8.    PPC's driver unlawfully entered the intersection travelling approximately 50 miles per hour and collided with Stacy's pickup, trapping and dragging Stacy's pickup under the loaded feed trailer. After Stacy's pickup disengaged from the PPC trailer and spun into a building near the intersection, the PPC tractor and trailer left over 170 feet of skid marks before coming to rest, indicating the excessive rate of speed that it had been traveling at the time of impact with Stacy's pickup. While Stacy's pickup was trapped under the PPC feed trailer, the trailer's wheels traveled across the cab of Stacy's pickup, causing severe injuries to Stacy's legs, knees, arms, hands and face. The cab of Stacy's pickup was destroyed in the collision.

9.    Arkansas State Police Corporal Ray Gentry interviewed PPC's driver, James Foster, who lied to Corporal Gentry, stating that "I was going about five miles an hour," a

statement clearly inconsistent with the 170-foot skid marks, the massive damage to Stacy's pickup's cab, and the statements of several eye witnesses to the accident.

10.     PPC's driver was issued a citation for "failure to yield," and the incident report prepared by Corporal Gentry stated in its narrative that the PPC driver "failed to stop at the intersection, and pulled into the path of [Stacy's pickup]." The incident report also states that "after impact, [the PPC vehicle] left 170.3 feet of skid before pulling to the shoulder of the roadway."

11.     Stacy was severely injured in the collision. It took considerable effort by fire department personnel to extricate Stacy from the wreckage of his pickup's crushed cab. He was then care-flighted by LifeNet helicopter to Christus St. Michaels Health System Hospital in Texarkana, Texas, where he underwent emergency surgery and care.

12.     The impact of PPC's truck and trailer injured Stacy's left knee and crushed his right knee, tore his knee and leg cartilage, broke his tibia, broke his collarbone, broke two fingers in his left hand, tore his left eyelid, lacerated his chest, crushed his nose, tore the skin off his arms, and severely lacerated his face. He also sustained a closed head injury that caused him neurological deficits. Stacy underwent extensive knee surgeries in an attempt to surgically repair them and forestall complete knee replacements. However, Stacy has recently learned that he will require total knee replacements.

13.     As a result of these injuries, Stacy has suffered extreme pain and suffering in his knees, legs, face, arms, neck, hands and shoulders. Further, as result of the injuries sustained in the collision, Stacy will require continued rehabilitation and several total knee replacements during his lifetime. He already has incurred over $80,000 in medical bills that he is completely

unable to repay given his current earning capacity. Stacy's near-perfect credit rating has been ruined by the mounting medical bills that he has incurred as a result of the collision.

14.     Despite several surgeries and rehabilitation, Stacy was completely unable to work for the first year after the collision. Stacy has recently learned that his knee injuries will prevent him from being able to resume working as a pipeline welder.

15.     Stacy has, as a direct and proximate result of PPC's negligence and gross negligence, been severely damaged in the following respects: medical expenses, both past and future, extreme pain and suffering, both past and future, loss of past earnings, loss of earning capacity, loss of credit status, physical impairment, disfigurement and mental anguish.

## IV.  Legal Claims

### A.     Negligence

16.     Stacy incorporates each of the previous allegations set forth herein.

17.     PPC, through its agents, servants and employees, including its driver James Foster, owed Stacy a duty to conduct itself in a reasonable and prudent manner with respect to the operation of the feed truck that struck Stacy. PPC failed to operate this feed truck in a reasonable and prudent manner, in that Foster failed to obey a stop sign, failed to obey speed limit signs, failed to keep a proper lookout, and failed to operate the PPC feed truck in a safe and lawful manner.

18.     The damages sustained by Stacy were proximately caused, in whole or in part, by the negligence of PPC, through its agents, servants, or employees, in its operation of the PPC feed truck that struck Stacy.

### B.     Negligence Per Se

19.     Stacy incorporates each of the previous allegations set forth herein.

**PLAINTIFF'S ORIGINAL COMPLAINT—PAGE 4**

20. PPC, through its agents, servants and employees, owed Stacy a duty to conduct itself in a reasonable and prudent manner with respect to the operation of the feed truck that struck Stacy. PPC failed to operate its truck in a reasonable and prudent manner, in that it failed to slow down to the required speed when nearing the intersection of U.S. Highway 71 and U.S. Highway 371 and failed to stop at the intersection, as required by Arkansas statutes.

21. PPC's acts and omissions constitute negligence per se, because Stacy's injuries are a direct result of PPC's violations of 27-52-103 of the Arkansas Code, the purpose of which is the prevention of collisions of the type that occurred in this case.

22. The damages sustained by Stacy were proximately caused, in whole or in part, by the negligence of PPC, through its agents, servants, or employees, in its operation of the PPC feed truck that struck Stacy.

## C.    **Gross Negligence**

23. Stacy incorporates each of the previous allegations set forth herein.

24. PPC, through its agents, servants and employees, owed Stacy a duty to conduct itself in a reasonable and prudent manner with respect to the operation of the feed truck that struck Stacy. PPC failed to operate its truck in a reasonable and prudent manner, in that it failed to slow down to the required speed when nearing the intersection of U.S. Highway 71 and U.S. Highway 371, failed to stop at the intersection, and failed to take action to avoid hitting Stacy.

25. The damages sustained by Stacy were proximately caused, in whole or in part, by the negligence of PPC, through its agents, servants, or employees, in its operation of the PPC feed truck that struck Stacy. Further, PPC's negligence demonstrated a willful and wanton disregard for the rights and welfare of Stacy and justifies the imposition of exemplary or punitive damages for PPC's gross negligence.

### V. Punitive Damages

26. Stacy incorporates each of the previous allegations set forth herein.

27. PPC's conduct as described above was a proximate cause of Stacy's economic and non-economic damages.

28. PPC's acts and omissions were done with a reckless indifference and/or a conscious disregard for Stacy's rights and well-being.

29. Consequently, Stacy requests that the trier of fact award to him exemplary or punitive damages in the maximum amount permitted by Arkansas law.

### VI. Jury Demand

30. Stacy demands trial by jury.

### VII. Prayer for Relief

WHEREFORE, Stacy requests that PPC be cited to appear and answer, and that on final trial, Stacy have the following:

a. Judgment against PPC for actual damages in an amount to be determined by the trier of fact;

b. By reason of PPC's reckless, willful and/or knowing and intentional conduct, exemplary or punitive damages in an amount to be determined by the trier of fact;

c. Pre-judgment interest at the maximum rate permitted by law;

d. Post-judgment interest at the maximum rate permitted by law;

e. Costs of suit; and

f. Such other and further relief to which Stacy may be justly entitled.

Respectfully submitted,

Robert L. Depper, Jr.
DEPPER LAW FIRM, INC.
101 W. Main Street
El Dorado, Arkansas 71730
Telephone: (870) 862-5505
Facsimile: (870) 862-7591

**ATTORNEYS FOR PLAINTIFF**