UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
Texarkana Division

DAVID STACY,

    Plaintiff,

v.                                           Civil Action No. 11-4018

PPC TRANSPORTATION COMPANY,

    Defendant.

## CONSENT PROTECTIVE ORDER

The parties, by counsel, have agreed to the entry of an order providing for the preservation of the confidentiality of certain private, commercial, and proprietary information exchanged in discovery, and it appearing to the Court that there is just cause to do so, it is hereby ORDERED that:

A.     Either party may designate material as confidential by marking the document with the word "Confidential" or "Highly Confidential" conspicuously printed thereon.

B.     Confidential information received by a party and any and all copies thereof, together with any testimony relating thereto, shall be maintained in the manner provided in Paragraphs C and D below. If a party desires that testimony be considered confidential subject to this order, the party shall so notify the Court as soon as it appears that such testimony may be given.

C.     Confidential information shall be used only for purposes of this litigation, and may not be disclosed to any persons other than counsel, counsel's office staff, the parties, experts retained by the parties, and any other entities or persons who already have access to the information or that the Court expressly permits to have access. Any persons permitted to see the

1

confidential information pursuant to this Order shall be fully bound by the terms and conditions of this Order. Counsel for the party providing confidential information to any person shall notify such person of the requirements of this Order and obtain an acknowledgement from the person that the person is aware of the requirements of this Order and is bound hereby.

D. Upon the conclusion of this litigation, all confidential information so designated pursuant to this Order and any copies or written summaries thereof shall be returned to the party who initially provided the confidential information or shall be destroyed unless otherwise ordered by the Court.

E. A party may, at any time, make a good faith challenge to the propriety of a Confidential or Highly Confidential Information designation. In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated as Confidential or Highly Confidential until such time as the Court rules that such materials should not be treated as Confidential or Highly Confidential.

F. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any

party of any legally cognizable privilege to withhold any Confidential Information or Highly Confidential Information other than on the basis that it has been designated Confidential or Highly Confidential, or of any right which any party may have to assert such privilege at any stage of this lawsuit.

    G.    Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information does or does not embody trade secrets of any party. The procedures set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

IT IS SO ORDERED.

Entered this _____ day of July, 2012

_____
United States District Court Judge

WE ASK FOR THIS:

*[signature]*

Thomas E. Ullrich (*Pro Hac Vice*)
Travis W. Vance (*Pro Hac Vice*)
WHARTON, ALDHIZER & WEAVER, PLC
100 South Mason Street
Post Office Box 20028
Harrisonburg, Virginia 22801
540.434.0316
Facsimile: 540.434.5502
Email: tullrich@wawlaw.com
       tvance@wawlaw.com

And

John S. Cherry, Jr. #66012
BARBER, MCCASKILL, JONES & HALE, P.A.
2700 Regions Center
400 W. Capitol Avenue
Little Rock, AR 72201
501.372.6175
jcherry@barberlawfirm.com

*Counsel for Defendant*
*PPC Transportation Company*

4



Robert L. Depper, Jr.
DEPPER LAW FIRM, INC.
101 W. Main Street
El Dorado, Arkansas 71730
Telephone: (870) 862-5505
Facsimile: (870) 862-7591
bdepper@suddenlinkmail.com

And

Mark C. Brodeur
BRODEUR LAW FIRM
900 Jackson Street, Suite 350
Dallas, Texas 75202
Telephone: (214) 760-1991
Facsimile: (214) 749-4930
Brodeurlaw@aol.com

And

O. Paul Dunagan
Gary D. Sarles
SARLES OUIMET
900 Jackson Street
Suite 370
Dallas, TX 75202
Telephone: (214) 573-6309
Facsimile: (214) 573-6306
Email: dunagan@sarleslaw.com

*Counsel for Plaintiff*
12003036

5